# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

DARNELL JEROME-MURPHY BEY,

      Plaintiff,

v.

GENTNER DRUMMOND;
PAM BONDI;
HEIDI D. CAMPBELL;
KEVIN STITT;
SARAH WALLACE;
MATTHEW BALLARD;
JACQUELINE STOUT;
PAT MAYS;
SAMUEL WALKER,

      Defendants.

Case No. 25-CV-00104-SEH-CDL

## OPINION AND ORDER

Before the Court is Defendant Attorney General of Oklahoma Gentner Drummond's ("AG Drummond") motion to dismiss [ECF No. 31]. For the reasons stated herein, the motion is GRANTED, and the amended complaint [ECF No. 28] is dismissed without prejudice.

## I. Background

Plaintiff Darnell Jerome-Murphy Bey, pro se, initiated this federal action by suing various state and federal government officials. [ECF No. 2]. The complaint is sparse and provides few factual allegations. But, combined with

the attachments, it shows that Plaintiff was charged with misdemeanor offenses in Mayes County District Court following a traffic stop and that he moved to dismiss those charges. [*Id.* at 15–17]. He argued in the state court that he was "unlawfully detained, searched, and arrested by [an] Oklahoma State Trooper in Mayes County, Oklahoma" because the arresting officer "misidentified" him as "Darnell Jerome Murphy," as opposed to his legal name, "Darnell Jerome-Murphy Bey." [*Id.*]. He further argued that he was booked into the Mayes County Jail under that name, which did "not legally identify [him]." [*Id.* at 17]. As to his prosecution, Plaintiff argued that it was jurisdictionally defective because the state proceeded against him under the wrong name. [*Id.* at 17].

Rather than pursue his objections through the state criminal proceedings, Plaintiff filed a federal complaint. [ECF No. 2]. He challenged "the constitutionality of the statute under which he [was] charged" and sought declaratory and injunctive relief. [*Id.* at 7]. Plaintiff contemporaneously filed a motion to stay all state court proceedings, pending resolution of his constitutional challenge. [ECF No. 3]. Multiple defendants moved to dismiss his claims [ECF Nos. 12, 17, 19] and Plaintiff filed an amended complaint. [ECF No. 28].

The amended complaint names Defendants AG Drummond, Pam Bondi, and Heidi Campbell as parties, and inexplicably omits Defendants Kevin

2

Stitt, Sarah Wallace, Matthew Ballard, Jacqueline Stout, Pat Mays, and Samuel Walker. [ECF No. 28 at 1]. Plaintiff claims that his Fourth and Fourteenth Amendment rights were violated when his "arrest and detention exceeded 30 hours without Miranda rights, without valid probable cause, and using misidentification." [*Id*.]. He claims his Fifth and Fourteenth Amendment procedural due process rights were violated when "Mayes County officials entered a plea on [his] behalf without consent." [*Id*.]. Plaintiff alleges that he "submitted proper affidavits, constitutional challenges, and notices of status, which were ignored or suppressed in violation of federal due process standards." [*Id*.]. Further, Plaintiff avers that "Defendants collectively enabled, authorized, or failed to prevent these constitutional violations under color of law." [*Id*.].

Plaintiff alleges that "Defendants, acting in concert, restricted [his] right to travel freely upon public highways, without due process or lawful authority." [ECF No. 28 at 2]. He further alleges that he "was seized without a warrant or probable cause and detained beyond constitutional time limits." [*Id*.]. Finally, Plaintiff alleges that the "entry of a plea without [his] consent and the denial of proper notice and hearing constitutes a due process violation." [*Id*.]. He seeks a declaration "that Defendants' actions violated [his] constitutional rights," and requests that the Court order injunctive relief and award damages. [*Id*.].

Defendant AG Drummond moves to dismiss the amended complaint. [ECF No. 31]. He argues that Plaintiff failed to properly obtain service and that the amended complaint fails to state a claim upon which relief may be granted. [ECF No. 31 at 4–5]. He further argues that he is entitled to qualified immunity in his individual capacity and Eleventh Amendment immunity in his official capacity. [*Id.* at 5–11]. Last, he argues that the Court should abstain from interfering with Plaintiff's state prosecution, under *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971). [*Id.* at 11–14].

Although Plaintiff did not directly respond to AG Drummond's motion to dismiss, he filed a response to the United States' motion seeking dismissal of his original complaint. [ECF Nos. 12, 32]. Plaintiff's response was filed after AG Drummond moved to dismiss Plaintiff's amended complaint. [ECF Nos. 31, 32]. The Court finds this response sheds light on Plaintiff's pending claims. He asserts that his case is a "Rule 5.1 constitutional challenge, not a tort or civil rights claim under 42 U.S.C. §§ 1983 or 1985." [ECF No. 32 at 1, ¶ 1]. Plaintiff explains that he "has not named the United States or its officers as defendants liable for damages or relief, but has merely served notice upon them pursuant to the requirements of Rule 5.1(a)." [*Id.*]. Plaintiff contends that he has complied with Fed. R. Civ. P. 5.1 "by notifying both the Attorney General of the United States and the Attorney General of Oklahoma of the constitutional question presented." [*Id.*]. Further, Plaintiff states that

"[t]he inclusion of Pam Bondi and Heidi Campbell in the original caption or service list does not constitute a claim for relief against them." [*Id.*].

Plaintiff further explains that he "challenges the constitutionality of a state statute that restricts Plaintiff's fundamental right to travel and fails to provide clear due process standards, in violation of the Fifth and Fourteenth Amendments." [ECF No. 32 at 2, ¶ 6]. He requests that the Court "declare the statute unconstitutional and issue injunctive relief against continued state-level enforcement." [*Id.* at ¶ 7].

## II. Discussion

Plaintiff fails to state a claim upon which relief can be granted. A *pro se* plaintiff's complaint must be liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, liberal construction of a *pro se* plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Notwithstanding a *pro se* plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.*

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (citation modified). Nor will the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

Here, Plaintiff fails to set forth sufficient facts to support the claims he asserts. To the extent he attempts to bring civil rights claims, Plaintiff

6

specifically refutes these characterizations. [ECF No. 32 at 1, ¶ 1]. Because all counts in Plaintiffs amended complaint are devoid of any factual allegations that would support a claim upon which relief may be granted, the Court dismisses the amended complaint without prejudice under Fed. R. Civ. P. 12(b)(6).

Given his response and his most recent filing,[1] Plaintiff seems to be under the impression that Rule 5.1 provides an independent action or basis for relief. He is mistaken. Rule 5.1, in relevant part, requires a party contesting the constitutionality of a statute in a filed pleading, motion, or other document to "file a notice of constitutional question stating the question and identifying the paper that raises it, if … a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity." Fed. R. Civ. P. 5.1(a). Thus, Rule 5.1 does not create an independent action or basis for relief. *Woods v. Florida*, No. 4:20-cv-177-MW-MJF, 2020 WL 2497993, at *1 (N.D. Fla. April 14, 2020), *report and recommendation adopted in* No. 4:20cv177-MW/MJF, 2020 WL

---

[1] In his most recent filing, Plaintiff moves to "Hold All Dispositive Motions in Abeyance Pending Full Compliance with Fed. R. Civ. P. 5.1." [ECF No. 42]. He requests that the Court not rule on any pending motion to dismiss "until full compliance with Rule 5.1 has been confirmed on the record." [*Id.* at 1]. He states that he "raises a facial constitutional challenge under Rule 5.1 to the statute under which he has been charged in state court." [*Id.*]. And he further asserts that Rule 5.1 "requires strict notice and opportunity-to-intervene procedures to be satisfied before the Court may rule on any dispositive matter." [*Id.*]. The caselaw Plaintiff relies on to support his request does not exist.

2496030 (N.D. Fla. May 14, 2020) ("Rule 5.1 does not create a separate cause of action or basis for relief."); *Mayes v. Hunter*, No. CIV-21-142-C, 2021 WL 1773519, at *3 (W.D. Okla. April 1, 2021), *supplemental report and recommendation adopted in* No. CIV-21-142-C, 2021 WL 1771880 (W.D. Okla. May 4, 2021) ("Rule 5.1 does not create an independent basis for relief."); *see also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

Rule 5.1 is merely a procedural mechanism requiring a court to inform the Attorney General and provide the State of Oklahoma (in the state context) the opportunity to intervene if a party to an existing lawsuit challenges the constitutionality of an Oklahoma statute and the State of Oklahoma is not yet a party. *See* Fed. R. Civ. P. 5.1 (b) ("The court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned."); *see also*, *e.g.*, *United States v. Pinkerton*, 694 F. App'x 652, 653 (10th Cir. 2017) (where a party is challenging the constitutionality of a federal statute, Rule 5.1 "concern[s] notice to the United States of such challenges when the government is not a party to the action, so that the United States may intervene to defend the statute under attack.").

Under Rule 5.1(c), "the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier." The district court "may reject the constitutional challenge" before the

time to intervene expires, "but may not enter a final judgment holding the statute unconstitutional." *Id*. Here, Rule 5.1 is not applicable because Plaintiff made AG Drummond a party; thus, there is no need for the Attorney General to be provided with notice or an opportunity to intervene. Because Rule 5.1 does not create a right of action or basis for relief, to the extent Plaintiff relies on this Rule to bring his claims, the amended complaint is dismissed for failure to state a claim upon which relief can be granted.

Plaintiff also seeks to halt his ongoing state criminal prosecution through injunctive and declaratory relief. [ECF No. 28 at 2]. Under the doctrine of *Younger* abstention, federal courts are not permitted to interfere in certain pending state matters. *Younger v. Harris*, 401 U.S. 37, 40–41, 91 S. Ct. 746, 748–49 (1971). "[F]ederal courts are obliged to decide cases within the scope of federal jurisdiction," but there are "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). "*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Id*. The *Younger* abstention doctrine applies to requests for declaratory judgments and requests for injunctive relief. *Samuels v. Mackell*, 401 U.S. 66, 69–73 (1971).

*Younger* abstention is appropriate when: (1) the relevant state court proceeding is ongoing, (2) the state court provides an adequate opportunity to raise the federal claims, and (3) the state proceedings involve important state interests. *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 (10th Cir. 2023). As to the first factor, the Court must determine whether the state court proceeding was "ongoing" at the time the complaint was filed. *See Younger*, 401 U.S. at 41, 91 S. Ct. at 749 (expressing no view as to when prosecution is not "pending in state courts at the time the federal proceeding is begun."); *Graff*, 65 F.4th at 525 (holding district court erred in abstaining under *Younger* when plaintiffs filed suit after they had been convicted and sentenced in state court and their time to appeal had passed). Regarding the second factor, "unless state law clearly bars the interposition of the federal statutory and constitutional claims," a plaintiff typically has "an adequate opportunity to raise federal claims in state court." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quotation and internal quotation marks omitted). "*Younger* requires only the availability of an *adequate* state-court forum, not a favorable result in the state forum." *Id*. (emphasis in original). On the third requirement, "state criminal proceedings are viewed as a traditional area of state concern." *Id*. (quotation, internal quotation marks, and citations omitted).

10

When the three conditions are met, "abstention is mandatory unless one of three exceptions applies." *Winn*, 945 F.3d at 1258. These include prosecutions: "(1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of irreparable injury both great and immediate." *Id*. at 1258–59 (citation and internal quotation marks omitted).

Here, all three conditions requiring abstention are met. It is undisputed that the State of Oklahoma was prosecuting Plaintiff at the time he filed his complaint. [*See* ECF Nos. 2; 23 at 2; 31 at 2]. Plaintiff also had an adequate opportunity to raise his constitutional challenges in the state court proceedings. [ECF Nos. 2 at 11–18; 28 at 2]. Finally, the State necessarily has an important interest in prosecuting Plaintiff for his alleged crimes. *See, e.g.*, *Aid for Women v. Foulston*, 441 F.3d 1101, 1119 (10th Cir. 2006) (finding states have a "strong interest" in enforcing their criminal laws).

Because all three conditions requiring abstention are met, the only remaining question is whether exceptional circumstances militate against abstention. None of the factual allegations in the amended complaint plausibly suggest that the first exception applies. However, Plaintiff expressly invokes the second exception by asserting that he is challenging "the constitutionality of a state statute that restricts [his] fundamental right

11

to travel and fails to provide clear due process standards, in violation of the Fifth and Fourteenth Amendments." [ECF No. 32 at 2, ¶ 6]. But this assertion alone does not preclude application of the *Younger* abstention doctrine. *See Samuels*, 401 U.S. at 67–68, 73 (concluding that the three-judge court should have abstained, under *Younger*, instead of "proceeding to a consideration of the merits of the New York criminal anarchy law" when two state criminal defendants awaiting prosecution under that law sought to enjoin the state prosecutions and, in the alternative, requested a declaratory judgment that the law was unconstitutional).

Moreover, Plaintiff has not identified the "state statute" he challenges, let alone shown it to be "flagrantly and patently unconstitutional." The standard for enjoining a pending state court proceeding based on an unconstitutional statute requires that the law be "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53–54, 91 S. Ct. at 755 (quotation omitted). Therefore, "the unconstitutionality of the statute must be patent and obvious." *Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1995). The record does not reflect that Plaintiff has identified the statute he challenges. His most recent filing states that he "raises a facial constitutional challenge … to the statute under which he has been charged in state court." [ECF No. 42 at 1]. The state of

12

Oklahoma charged Plaintiff with three crimes: possession of a controlled dangerous substance, in violation of 63 O.S. § 2-402 (count one), speeding, in violation of 47 O.S. § 11-802 (count two), and operating a vehicle with the license plate covered, in violation of 47 O.S. § 1113(A)(2) (count three). [ECF No. 2 at 26]. He has not identified which of these three statutes he claims to be unconstitutional. Thus, he cannot demonstrate his state court prosecution is "based on a flagrantly and patently unconstitutional statute." The second exception does not apply.

Finally, even if the Court were to construe Plaintiff's factual allegations as attempting to invoke the third exception—irreparable injury—that exception too does not apply. Plaintiff requests that the Court "declare the statute unconstitutional and issue injunctive relief against continued state-level enforcement." [ECF No. 32 at 2, ¶ 7]. But "*Younger* and its descendants tell us that the burden of having to endure a trial is not—outside the double-jeopardy context—irreparable injury in the *Younger* sense." *Winn*, 945 F.3d at 1263.

The Court finds that Plaintiff's amended complaint fails to state a claim upon which relief may be granted and is otherwise barred by *Younger*. Because these are independent bases to dismiss the action, the Court will not address the other arguments AG Drummond raises. The amended complaint

13

is dismissed without prejudice and without leave to amend, because any amendment would be futile.

## III. Conclusion

For the reasons stated above, Defendant AG Drummond's motion to dismiss [ECF No. 31] is GRANTED. Plaintiff's amended complaint is DISMISSED without prejudice. A separate judgment will enter.

Because the amended complaint is dismissed, the following pending motions are MOOT:

- Plaintiff's Motion to Stay State Court Proceedings [ECF No. 3]

- Defendant United States' Motion to Dismiss for Failure to State a Claim and Improper Service [ECF No. 12]

- Defendant Jacqueline Stout's Motion to Dismiss [ECF No. 17]

- Defendants Matthew Ballard, Gentner Drummond, and Samuel Walker's Motion to Dismiss [ECF No. 19]

- Plaintiff's Motion for Leave to Cure Service of Process [ECF No. 26]

- Plaintiff's Verified Motion to Enforce Administrative Default Judgment and Demand for Equitable Relief [ECF No. 33]

- Plaintiff's Verified Motion to Enforce Administrative Default Judgment and Demand for Equitable Relief [ECF No. 34]

- Plaintiff's Verified Motion to Enforce Administrative Default Judgment and Demand for Equitable Relief [ECF No. 35]

- Plaintiff's Motion for Continuance [ECF No. 36]

- Plaintiff's Motion to Hold All Dispositive Motions in Abeyance Pending Full Compliance with Fed. R. Civ. P. 5.1 [ECF No. 42]

DATED this 30th day of June, 2026.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE